UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK EDWARD BOSWELL,<br><br>    Petitioner,<br><br>    v.<br><br>FOSS,<br><br>    Respondent. | No.  2:20-cv-00798-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Examination of the request to proceed in forma pauperis reveals that petitioner is unable to afford the costs of suit.  Accordingly, the request for leave to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

**I.**     **Factual and Procedural History**

Petitioner was convicted in the Tehama County Superior Court on five counts of drug offenses in violation of various provisions of California's Health and Safety Code.  ECF No. 1 at 2.  On May 5, 2006, petitioner was sentenced to 22 years in prison.  Id.  In his federal habeas application, petitioner contends that Senate Bills 180 and 136, which repealed two specific sentencing enhancements, violate the equal protection clause of the Fourteenth Amendment because they were not retroactively applied to his sentence.  ECF No. 1 at 5, 7.  Petitioner seeks

to have the two sentencing enhancements stricken from his sentence thereby reducing his total sentence by 9 years.  ECF No. 1 at 11.

## II.     Analysis

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.  The court has conducted that review and determined that petitioner's habeas application raises only challenges to state sentencing laws that are not cognizable in a federal habeas corpus action.  See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (emphasizing that "[w]e have stated many times that 'federal habeas corpus relief does not lie for errors of state law'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

A petitioner may seek federal habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Here, petitioner is merely challenging the California Legislature's failure to apply recent sentencing law changes retroactively to his 2006 sentence.  See Swarthout v. Cooke, 562 U.S. 216, 222 (2011) (emphasizing that it is not the federal courts role to determine whether California applied its state laws and regulations correctly).  Although petitioner attempts to cloak his state law claims in equal protection terms, merely placing an "equal protection" label on a claim does not transform it into a federal one.  See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("[A petitioner] may not ... transform a state-law issue into a federal one merely by asserting a violation of due process.").  Petitioner's claims are solely concerned with the application of state sentencing laws and are therefore not cognizable in this federal habeas action. Bradshaw v. Richey, 546 U.S. 74, 76 (2005); Miller v. Vasquez, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (declining to address whether assault with a deadly weapon qualifies as a "serious felony" under California's sentence enhancement provisions because it is a question of state sentencing law, for which habeas relief is unavailable).  For these reasons, the court will recommend that petitioner's petition for writ of habeas corpus be summarily dismissed with prejudice.

/////

Accordingly, IT IS HERBY ORDERED that:

1. Petitioner's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

2. The Clerk of Court is directed to randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus be summarily dismissed with prejudice; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 21, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/bosw0798.summdismiss.docx

3